IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RENE LORENZO BONILLA-ALFARO,

    Plaintiff,

  v.

JANET NAPOLITANO,

    Defendant.

No. 10-cv-3514 CW

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

    Petitioner Rene Lorenzo Bonilla-Alfaro has filed a Petition for a Writ of Habeas Corpus to cancel an outstanding order of supervision. Petitioner claims that the removal order that provided the legal basis for the order of supervision has been terminated, and thus the order of supervision must be canceled. After considering all of the arguments presented, the Court DISMISSES Petitioner's request for a Writ.

I. Background

    Petitioner Bonilla-Alfaro is a citizen of Honduras. On August 16, 1997, Petitioner entered the United States without inspection by an immigration officer. On April 8, 1998, the Immigration and Naturalization Service (INS) served Petitioner with a Notice to Appear which charged that Petitioner was removable from the United

1  States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).[1]  Pet., Ex. A.  On
2  July 9, 1998, after Petitioner failed to appear at a removal
3  hearing, an Immigration Judge ordered his removal.  Id. at Ex. B.
4       Approximately six months later, the Attorney General
5  designated Honduras as a country whose nationals may apply for
6  Temporary Protected Status (TPS).  8 U.S.C. § 1254a(b)(1); 64 Fed.
7  Reg. 524 (January 5, 1999).  Congress established the TPS program
8  to provide temporary protection to nationals from countries
9  experiencing ongoing armed conflict, environmental disaster, or
10 other extraordinary and temporary conditions.  Immigration Act of
11 1990, Pub. L. 101-649, 104 Stat. 4978 (1990); 8 U.S.C. § 1254a(b).
12 Under the TPS program, aliens from TPS countries may remain in the
13 United States and obtain work authorization.  8 U.S.C.
14 § 1254a(a)(1)(B).  The Secretary of Homeland Security is authorized
15 to designate countries whose nationals may apply for TPS, and to
16 extend the period of designation if the qualifying conditions
17 continue.  8 U.S.C. § 1254a(b)(1), (3)(C).[2]  Honduras' TPS
18 designation has been extended repeatedly, and will remain in effect
19 through January 5, 2012.  Extension of the Designation of Honduras

---

[1] Pursuant to the Department of Homeland Security Reorganization Plan, Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002), 6 U.S.C. § 542, as of March 1, 2003, the functions of the INS were transferred to the Department of Homeland Security, and its interior enforcement functions, including the detention and removal program, were placed in the Bureau of Immigration and Customs Enforcement (ICE).

[2] As of March 1, 2003, in accordance with the Homeland Security Act of 2002, any reference to the Attorney General in a provision of the Immigration and Nationality Act is deemed to refer to the Secretary of Homeland Security.  Extension of the Designation of Honduras for Temporary Protected Status, 75 Fed. Reg. 24734-01 n.1 (May 5, 2010); 6 U.S.C. § 557.

2

for Temporary Protected Status, 75 Fed. Reg. 24734-01 (May 5, 2010).

On September 15, 2000, Petitioner applied for TPS. Pet., Ex. C. The INS granted Petitioner's application for TPS on December 1, 2000. Id. Subsequently, he received a work authorization card. Pet., Ex. D. At that time, the TPS program allowed Petitioner to travel outside of the United States with the prior consent of the Attorney General. 8 U.S.C. § 1254a(f)(3).

On or about December 19, 2001, Petitioner went to the INS office in Fresno, California, to apply for travel authorization, pursuant to 8 U.S.C. § 1254a(f)(3). There INS officials detained Petitioner. The next day, Petitioner's counsel provided the INS with evidence that Petitioner had been granted TPS. Pet., Ex. E. On December 21, 2001, the INS released Petitioner under an order of supervision. Pet., Ex. F.

The order of supervision cited Petitioner's outstanding removal order from July 9, 1998, and specified that Petitioner was being placed under supervision, because the INS could not effect Petitioner's removal within the time period prescribed by law. Id. The order of supervision requires that Petitioner comply with numerous conditions, including, among others, that Petitioner appear in person at the time and place specified, upon each and every ICE request for identification, and for deportation or removal.[3] Id. Petitioner must appear for medical or psychiatric

---

[3] As explained earlier, as of March 1, 2003 the interior enforcement functions of the INS were transferred to ICE, and thereafter, ICE retained the powers granted to the INS under the order of supervision.

3

examination, upon the request of ICE.  Id.  Petitioner is required to furnish written notice to the ICE office within forty-eight hours of any change of residence or employment.  Id.

Since 2001, Petitioner has complied with the order of supervision.  Petitioner has also traveled abroad twice, as permitted by 8 U.S.C. § 1254a(f)(3).  The Department of Homeland Security granted Petitioner travel authorizations in 2007 and 2009, and Petitioner was permitted to return to the United States following both trips.  Pet., Exs. G & H.

## II. Discussion

In general, persons claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States" may petition federal courts for habeas corpus relief. 28 U.S.C. § 2241(c)(3).  Historically, petitions for writs of habeas corpus have provided a legal avenue for individuals to seek relief from deportation.  Certain federal provisions, however, deprive the federal district courts of jurisdiction to review challenges to an immigration removal order.  See Iasu v. Smith, 511 F.3d 881, 886 (9th Cir. 2007).  Under the judicial review regime imposed by the REAL ID Act, a petition for review is the sole and exclusive means of judicial review for all orders of removal except those issued pursuant to 8 U.S.C. § 1225(b)(1), providing for the expedited removal of arriving inadmissible aliens.  Bonhometre v. Gonzales, 414 F.3d 442, 445 (9th Cir. 2005).  A petition for review must be filed with the circuit court of appeal.  8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole

4

and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in section (e) of this section.").

Petitioner's argument is that the order of supervision is based on an order of removal that is "no longer outstanding." Pet. at 6. Petitioner argues that he self-deported and executed the 1998 removal order when he left the United States in 2007.[4] Petitioner asks the Court to "issue a Writ of Habeas Corpus and find that Petitioner's 1998 removal order terminated when Petitioner departed the United States" and the order of supervision "is being enforced by ICE without legal authority[.]" Pet. at 7. Petitioner appears to seek review of the validity of the removal order that has provided the legal basis for the order of supervision. Under the Real ID Act, this Court lacks the authority to exercise judicial oversight of the 1998 removal order.

In subsequent briefing, Petitioner recasts his challenge as one directed solely at the order of supervision, not the removal order. Even so, the order of supervision appears to be a discretionary act, providing conditional release pending execution of a removal order. 8 U.S.C. § 1231(a)(3). Title 8 U.S.C. § 1252(g) limits judicial review of discretionary actions by the Attorney General. <u>Reno v. American-Arab Anti-Discrimination Comm.</u>,

---

[4] Petitioner cites two laws to characterize his departure: 8 U.S.C. § 1101(g), which states, "For the purpose of this Act any alien ordered deported or removed . . . who has left the United States, shall be considered to have been deported or removed in pursuance of law," and 8 C.F.R. § 241.7, which provides, "Any alien who has departed the United States while an order of deportation or removal is outstanding shall be considered to have been deported, excluded and deported, or removed."

5

525 U.S. 471, 485 ("Section 1252(g) seems clearly designed to give some measure of protection to 'no deferred action' decisions and similar discretionary determinations, providing that if they are reviewable at all, they at least will not be made the bases for separate rounds of judicial intervention outside of the streamlined process that Congress has designed."). In American-Arab Anti-Discrimination Committee the Supreme Court explained, "Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." Id. at 485 n.9.

There are clear statutory limitations on federal district court jurisdiction to review removal orders and discretionary acts by the Attorney General. Consequently, this Court lacks authority to grant the relief Petitioner requests and must dismiss Petitioner's request for a Writ.

III. Conclusion

For the reasons explained above, the Court DISMISSES Petitioner's Petition for a Writ of Habeas Corpus. The Clerk shall close the case. The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 3/25/2011

CLAUDIA WILKEN
United States District Judge

6